Case. Lexington and Georgetown Turnpike
road Company *vs* W. B. Redd.

*Case 12.*                 ERROR TO THE FAYETTE CIRCUIT.

*Tolls and Toll-gates.*

*September 17.*  JUDGE MARSHALL delivered the Opinion of the Court.

The case stated.    W. B. REDD, who resides about two miles and a quar-
ter from Lexington, and whose land touches the Lexing-
ton and Georgetown Turnpike road a short distance be-
yond the first tollgate from Lexington, and who, in pas-
sing from his house to the road, upon his own land, neces-
sarily reached the road outside of the first gate, so that he
had to pass through the gate in going to and from Lexing-
ton; for the purpose of acquiring a passway into the road
between the toll-gate and the city, leased a small strip of
ground, 30 feet wide, by means of which he could pass
into the road and upon it to Lexington, without going
through the gate.   After obtaining this lease, he abandon-
ed and in fact closed up the access to the road where his
own land touches it, and which he had previously used,
and travelled daily to and from Lexington, by means of
the new passway, without going through the gate or pay-
ing toll.   And this proceeding was instituted against him,
by the company, in order to subject him to the penalties
inflicted by the 20th section of the act of incorporation,
against all persons who, being liable to pay toll at any
gate authorized by the act, shall, with intent to defraud
the company, pass through any private gate or bars, or
along or over any grounds or lands near to or adjoining
any turnpike gate, &c.

It being admitted that the strip of land, above describ-
ed, was leased and used by Redd for the purpose of
avoiding the gate and the toll, the only question is, whether
this is to be regarded as the fraud or one of the frauds
upon the company denounced by the 20th section, or
whether Redd, merely in consequence of his position in
relation to the road and the gate, is liable (in the lan-
guage of the act,) to pay toll at the gate, in going to and

from Lexington and his residence, or in other words, whether, in consequence of his position, he is one of those who, in contemplation of the act, was bound to go through the gate in travelling to town, and commits a fraud upon the company by purposely avoiding it, and still travelling upon a part of the road between the gate and the city.

Most clearly Redd was not bound to pass through the gate on his way to town, unless he either actually travelled on a portion of the road outside of the gate and afterwards came upon it within the gate, or unless because he lived beyond the gate, he was bound to strike the road beyond the gate if he intended to use it at all in going to Lexington. But there is nothing in the statute which imposes upon any person the duty of using any portion of the road; nor is there any thing in the statute which indicates that any person shall be liable to pay toll for using merely that portion of the road between Lexington and the first gate, or the portion between any two gates, but the contrary is clearly indicated, and the repeated and constant use of such portion is no fraud upon the company within the 20th section.

It is not because Redd uses a portion of the road between the first gate and the town, that he is liable to pay toll, for every citizen, wheresoever resident, has a right to use that portion without paying toll. But if liable at all, it is because he lives near the road beyond the gate, and is, therefore, bound in going to town, to travel upon the road from the point where his land touches it, and thus to pass through the gate. There is, in our opinion, no such principle in the statute, whether interpreted according to its letter or its spirit. No man, if he can avoid it, is bound to use the road in passing from one point to another, situated upon it, unless he choose to do so; and no man is liable to pay toll for the use of any part of the road, unless he either passes through a gate or having used the road on one side of a gate, passes round it for the purpose of avoiding the toll, and then uses it on the other side; and this, as we think, is the fraud and the only fraud upon the company to which the 20th section refers.

*Margin notes:*

LEXINGTON AND GEORGETOWN T. P. R. COM.
*vs*
W. B. REDD.

An individual travelling on the Lex. and Geogetown Turnpike road between Lex. and the first gate, or between two gates, is not liable for tolls if he do not pass a gate or pass round a gate and then travel the road.

It does not appear that the passway which has been described, is used by Redd or others as a means of committing the fraud upon the company now defined, but on the contrary, it is the only way that is open or used, from his house to the Turnpike road, and he has no passway to the road on the other side of the gate. We are of opinion, therefore, that upon the facts appearing in this record, the company has made out no case against Redd for the action of a court, either of law or equity, and the judgment is, therefore, affirmed.

*Pindell* for plaintiffs; *Robinson & Johnson* for defendant.