JUDGE PRYOR
deliveeed the opinion or the couet.
These several actions were instituted by the Muldraugh’s Hill, Campbellsville & Columbia Turnpike Road Company against Russell & Schooling and Russell, Avritt, &c., to recover a large sum of money alleged to be due the company for tolls. The appellants ran daily stage-coaches and other *309 conveyances over appellee’s road for a number of years. A portion of the time they paid at the rate of $1,200 per annum, the sum being finally reduced, by order of the directors, to $800 per annum. This sum the appellants refused to pay, for the reason, as is alleged, that the road was out of repair and unfit for public travel. They paid; however, after the reduction of the annual charge, for a short time, the sum of $500 per annum. This sum they paid under protest, and finally refused to make any payments whatever; and, having continued to pass over the road, these actions were brought to recover the amount of toll alleged to be due the company.
The proof is conflicting as to the condition of the road, the preponderance of the proof conducing to show that it was much out of repair, but not unfit for public travel except at certain seasons of the year, when for short intervals the road was impassable.
The legislature, in February, 1867, enacted a law by which the turnpike company was allowed to charge an increased rate of toll in its then condition for the next five years, and at the expiration of that time this law was revived or re-enacted by an act approved March 27, 1872, to continue in force five years from its passage. The constitutionality of these acts is questioned by counsel for the appellants upon the ground that, the bad condition of the road being conceded, the appellee is not required, by either of the acts referred to, to render to the public any equivalent or benefit for the privilege granted.
The right of a trial by jury was waived in the court below, and the law and facts submitted to the court. The finding of the court was for the appellee (the turnpike company) upon an issue presented as to the condition of the road for public travel, and, being an issue of fact, this court will not disturb' the judgment unless palpably against the weight of the testimony. "We can not disturb the judgment for that reason, and must therefore pass upon the question made as if the *310 road was in such a condition as authorized the appellee to charge toll.
The action of the two justices of the peace in determining that the whole road was out of repair was extra-judicial. Their jurisdiction was at least confined to their own county, and in the character of action instituted the court could only look to their testimony as that of any other witness bearing upon the condition of the road; and as the right to charge toll is sustained by the court below upon an issue of fact as to its condition when toll was demanded, it is unnecessary to determine the constitutionality of the acts in question.
A formidable objection is made, however, as to the sufficiency of the several petitions. The pleader, after setting forth the organization of the company and its right to charge toll, alleges that the appellants ran their daily line of coaches over the road and through the turnpike-gates without paying toll, and then proceeds to set forth the amount due and unpaid; for which sum he asks a judgment. There is the absence of any allegation of an express agreement to pay toll, and no statement that the appellants undertook and promised to pay the amount due or the tolls as they accrued. In ordinary actions of assumpsit or debt the pleader must allege a promise or an agreement to pay, and the promise may be express or be raised by implication; but in a ease like this, where the act creating the corporation gives not only the right, but the remedy also, the general doctrine is that the remedy is exclusive, and, as said by Redfield in his treatise on the Law of Railways (1st vol., page 337), this general principle seems to be universally adhered to in the American courts with slight modifications.
“ Where a statute creates a new right without prescribing a remedy, the common law will furnish an adequate remedy to give effect to the statute right. But when a statute has created a new right and has also .prescribed a remedy for the enjoy *311 ment of the right, he who claims the right must pursue the statute remedy.” (Smith v. Drew, 5 Mass. 516.)
The law will not imply a promise to pay from the mere use of a turnpike road. It matters not how often, or the distance traveled upon such a road by the party sought to be charged, no recovery can be had in the absence of an express agreement for the use of the road, unless the traveler passes through the toll-gate, or evades it in order to avoid the payment of toll, when a penalty in the latter case may be enforced against him, as prescribed by statute.
Such companies are authorized by their charters to erect toll-gates, and to collect tolls in a summary way, and to deny the right of the traveler to pass without paying the toll required by law. “ To found an action at law for the recovery of such dues, an express undertaking to pay is necessary.” (Beeler v. Turnpike Company, 2 Harris (Penn.), 164.)
“The only method by which the plaintiffs can collect their toll is by receiving it at their gates. If a person travel the whole extent between the gates ever so often and does not pass the gate, no toll can be exacted of him.” (Turnpike Co. v. Vandusen, 10 Vermont, 199; 2 B. Mon. 30.)
“ So the rule may be considered as settled, that in the absence of an express contract, and where a means of enforcing payment is given by the act of incorporation, the statutory remedy is exclusive of all others.” (Kidder v. Boone Co., 12 Harris, 196.)
The demurrer to the answer of the appellants going back to the petition, the latter pleading should have been adjudged bad. There is no allegation of any express agreement to pay toll, or a'statement to the effect that the appellants or either of them undertook and promised to pay the amount due or any part of it.
The 22d section of the act incorporating the Lebanon, New-market & Springfield Turnpike Road Company provides that *312 when gates are erected certain rates of toll may be charged and received by the toll-gatherers, and that they may stop any person riding, driving, etc., from passing through their gates until they shall have paid the toll.
The 7th section of appellee’s act of incorporation gives to it all the rights, privileges, and immunities contained in the act incorporating the Lebanon, New Market & Springfield Turnpike Road Company.
The manner and remedy for collecting the toll being prescribed by the act, that remedy must be pursued unless an agreement is alleged and proven, upon which a common-law action may be maintained. That ah agreement may be made to pay toll by the week or the month or the year, or' to pass through the gate, the toll to be paid at some future time, is conceded by all the authorities referred to; but there being no such agreement or promise alleged in either petition, the appellee has no cause of action.
The judgment in each case is therefore reversed, with direction to award the appellants a new trial, and for further proceedings consistent with this opinion.