CASE 41—PETITION ORDINARY—APRIL 12.

# Commonwealth v. Jellico Coal Co.

APPEAL FROM WHITLEY CIRCUIT COURT.

CONSTITUTIONAL LAW—RIGHTS OF FOREIGN CORPORATIONS—PETITION TO RECOVER PENALTY.—Section 572 of the Kentucky Statutes is in conflict with the Constitution and laws of the United States, and, therefore, void. But even if it were valid it does not authorize an action by the Commonwealth to recover a penalty of a foreign corporation doing business in violation of its provisions. The remedy intended to be provided was by indictment and fine, and not by an action by the Commonwealth.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

S. V. D. STOUT FOR APPELLEE.

For statement of points and citations, see case immediately preceding this.

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

This was an action brought by appellant on petition filed in the Whitley Circuit Court for the recovery from appellee of the sum of one thousand dollars as a fine or penalty.

The petition alleges, among other things, that appellee is a foreign corporation doing business in the State of Kentucky and in Whitley County, and that on April 25, 1894, without the consent of the adverse party, it removed to the United States Circuit Court sitting at Frankfort, Kentucky, a suit then pending against it in the Whitley Circuit Court, whereby under the laws of Kentucky, it forfeited its right to do business in Kentucky, and became liable to appellant for a fine of one thousand dollars for engaging in business thereafter, as it is alleged it has since continuously done, and whereby it became and is guilty of a misdemeanor. To this petition appellee filed a demurrer in two paragraphs, or upon two grounds, one of which was in terms a general demurrer, and the other based upon the alleged fact that the petition shows on its face that appellant seeks to impose upon it conditions which are repugnant to the Constitution and laws of the United States, and seeks to prohibit it from removing a cause from the State Court to the Federal Court and to recover from it a penalty for so doing.

This demurrer was sustained by the lower court, and appellant declining to plead further its petition was dismissed and it has appealed from that judgment.

The authority under which this proceeding was instituted is supposed to be section 572, Kentucky Statutes, and is in these words, to-wit: "If any foreign corporation shall, without the consent of the adverse party, remove to a Federal Court any action pending against it in any court of this State, or institute an action against a citizen of this State in a Federal Court of this State, such action on the part of the corporation shall forfeit its right to transact or carry on any business in this State; and such corporation, and any officer, agent or employe thereof, who shall

thereafter transact or engage in any business or employment for such corporation in this State shall be severally guilty of a misdemeanor, and, upon indictment and conviction in the circuit court of any county in which such corporation or any officer, agent or employe thereof, transacts or engages in any business, be fined for each offense not less than five hundred nor more than one thousand dollars."

A casual reading of this section of the statute, under which it is assumed that this action was intended to be brought, will show that the action as brought can not be sustained and that the demurrer thereto was properly held good.

It will be observed that there is no effort here to have appellee's right to do business in the State forfeited, or judicially declared to be forfeited, nor does it appear that any such proceeding has ever been taken.

The sole purpose of the action, as expressed in the petition and so far as the record shows, is to recover of appellee a fine of one thousand dollars. No such proceeding is authorized by the statute relied on. The provision of that statute is that the corporation committing the offense charged in the petition shall "upon indictment and conviction in the circuit court of any county in which such corporation * * * * transacts or engages in any business, be fined for each offense not less than five hundred nor more than one thousand dollars."

The remedy of appellant, if any, for the recovery of this penalty, seems to be by indictment and conviction, and by a fine, and not by an action of this kind, which does not show that there has ever been either an indictment or conviction. On this ground, the demurrer was properly sustained, but, in addition to this, and for the reasons fully set forth in the

opinion this day delivered in the case of Commonwealth v. East Tennessee Coal Co., *ante*, p. 246, with which this appeal was heard, it is the opinion of this court that the section of the statute above referred to is in conflict with the constitution and laws of the United States, and therefore void.

For the reasons in that opinion and herein above given, the judgment of the lower court dismissing the petition is affirmed.