## Commonwealth v. Spiller.

(Decided September 29, 1915.)

### Appeal from Franklin Circuit Court.

1.  Statutes—Remedies.—Where a statute which creates an offense, prescribes a remedy for the enforcement of its penalties, that remedy must be pursued.
2.  Action—Indictment and Information—Section 469 Kentucky Statutes.—Under section 469 of the Kentucky Statutes, which provides that the term "action" when used in that revision, shall be construed to include all proceedings in any court of this Commonwealth, a proceeding by way of indictment is an action.
3.  Insurance—Indictment for Rebating Premiums—Section 656 Kentucky Statutes.—Under section 656 of the Kentucky Statutes, prohibiting the rebating of premiums upon life insurance policies, and providing a fine therefor "to be recovered by action in the name of the Commonwealth," the Commonwealth may proceed to collect the fine by indictment.

JAMES GARNETT, Attorney General, ior appellant.

JAMES H. POLSGROVE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.—
Reversing.

The appellee F. M. Spiller, while acting as the Kentucky agent for the Ohio National Life Insurance Com-

pany, was indicted by the Franklin County grand jury for violating section 656 of the Kentucky Statutes by rebating the premium upon a life insurance policy which the company issued to Roy C. Gray.

The statute, after denouncing the rebating of insurance premiums, and making it unlawful for any insurance company or agent to make a special contract of insurance other than is plainly expressed in the policy issued, provides as follows:

"Every company, or officer or agent thereof, who shall violate the provisions of this section, shall be fined in any sum not exceeding $500.00, to be recovered by action in the name of the Commonwealth, and on collection, paid into the State Treasury."

The trial court sustained a demurrer to the indictment, upon the sole ground that the Commonwealth could not obtain relief by a prosecution under an indictment, but could proceed only by a penal action in the name of the Commonwealth. The Commonwealth appeals.

The trial court rested its decision upon the authority of Commonwealth v. Louisville & Nashville Railroad Co., 18 Ky. L. R., 610, 37 S. W., 589, which recognizes the rule of construction, that where a statute which creates an offense prescribes a remedy for the enforcement of its penalties, that remedy must be pursued. In that case it was held that where a statute provided a fine "to be recovered by indictment," the fine could not be recovered by penal action, although section 11 of the Criminal Code, and section 1139 of the Kentucky Statutes, provided for the recovery of a fine by penal action, in all cases in which the only punishment was, as in that case, a fine.

In support of the rule, *supra*, the court cited volume 7 of Lawson on Rights, Remedies and Practice, section 3777; Russell v. Muldraugh's Hill, Campbellsville & Columbia Turnpike Co., 13 Bush, 310; Commonwealth v. Jellico Coal Mining Co., 97 Ky., 246; Hilton v. Commonwealth, 127 Ky., 499; and Harp v. Commonwealth, 139 Ky., 410.

None of the cases cited in support of the rule, held that where a statute provided a fine to be recovered by an action in the name of the Commonwealth, as is provided by section 656, *supra*, the Commonwealth could not proceed by way of indictment; they only held that under a statute which provided an offense and a remedy by indictment, the recovery could not be had by a penal

action. But here the remedy provided is by action, while the remedy pursued was by indictment.

Section 118 of the Criminal Code reads as follows:

"An indictment is an accusation in writing, found and presented by a grand jury to the court in which they are empaneled, charging a person with the commission of a public offense."

Section 469 of the Kentucky Statutes, is as follows:

"The term 'action,' when used in this revision, shall be construed to include all proceedings in any court of this Commonwealth."

Section 11 of the Criminal Code provides that a public offense for which the only punishment is a fine, may be prosecuted by a penal action in the name of the Commonwealth. Under this section, the Commonwealth could have proceeded by a penal action. But the section is permissive in its terms, and does not exclude any other form of procedure that is authorized by law.

Furthermore, section 9 of the Criminal Code provides as follows:

"All public offenses may be prosecuted by indictment, except—

"1. Offenses of public officers, where a different mode of procedure is prescribed by law.

"2. Offenses exclusively within the jurisdiction of justices of the peace, or of police or city courts.

"3. Offenses arising in the militia, of which a military court has exclusive jurisdiction."

It will thus be seen that we have provisions of the Code providing that offenses of this nature may be prosecuted by indictment, for the reason that none of the exceptions obtained in section 9 apply to the offense charged in this indictment. Under section 9, *supra*, the Commonwealth may proceed by indictment, or under section 11, it may institute a penal action. And, it is argued for the Commonwealth, that while an action at law is not an indictment, nevertheless a proceeding by way of indictment is an action at law. In our opinion this distinction is sound.

In State v. Carr, 6 Oregon, 134, where the court had under consideration a statute in some respects quite similar to the statute before us, the Supreme Court of Oregon said:

"This act was passed to prevent and punish gambling. The first section defines the offense, and then says that the person committing the offense 'shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than five hundred dollars, and shall be imprisoned in the county jail until such fine and costs are paid.' This section provides a mode of enforcing the penalty which is by indictment and conviction under the code of criminal procedure, and the remedy is complete by virtue of this section, unless the same is qualified and weakened by section 11 of the same act, which is as follows: 'All fines and forfeitures under the provisions of this act shall be recovered by an action at law to be brought in the name of the State of Oregon.' We think the counsel may have misapprehended the meaning of this section and thought the words 'action at law' meant civil action at law, but such is not the necessary signification of these words. A proceeding by indictment is an action at law."

Furthermore, it will be noticed that section 656 of the Kentucky Statutes, above quoted, does not require that the fine shall be recovered by a *penal* action, but merely that it is to be recovered by *action* in the name of the Commonwealth. The Commonwealth may take any action permitted by law. If the statute had used the term "penal action," it might well be argued that the Commonwealth could not proceed by indictment; but when it provided generally that the Commonwealth might proceed "by action," it is not to be assumed that the rights of the Commonwealth are to be abridged beyond the meaning contained in the letter of the law. If the legislature had intended otherwise, it is to be presumed it would have used the term "penal action," rather than the term "action" in its general sense, as it did. Inhabitants of Bridgton v. Bennett, 23 Me. (10 Shep.), 420, 425.

In our opinion, the Commonwealth could have proceeded in this case by either form of action—by a penal action, or by indictment.

Judgment reversed.