CASE 17—ACTION BY CHARLES MCINTOSH AGAINST THE ILLINOIS CENT-
RAL R. R. CO. FOR DAMAGES FOR PERSONAL INJURIES.—MAY 5.

# Illinois Central Ry. Co. v. McIntosh.

APPEAL FROM HOPKINS CIRCUIT COURT—JOHN F. GORDON, CIRCUIT
JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  REVERSED.

MASTER AND SERVANT—SECTION MAN—STRAIN IN MOVING HAND CAR—
THREATEND COLLISION WITH LOCOMOTIVE—FAILURE TO GIVE SIG-
NALS—NEGLIGENCE—ASSUMPTION OF RISK—CONTRIBUTORY NEGLI-
GENCE—PROXIMATE CAUSE—JURY QUESTIONS—INSTRUCTIONS—
CONFORMATORY TO PLEADINGS—CONTINUANCE—SURPRISE—PRE-
SUMPTION ON APPEAL.

1. It will be presumed on appeal that it was proper to refuse de-
fendant a continuance sought on the ground of surprise, in that
in ruling on a demurrer to the petition the court had indicated a
different ground of liability from that on which it proposed to sub-
mit the case to the jury, where there is nothing in the record to
show defendant was misled by the ruling on the demurrer.

2. Ky. St. 1903, secs. 786, 466, requiring locomotives to sound a
whistle and ring a bell on approaching highway crossings, and au-
thorizing a recovery of damages by persons injured by a failure
to do so, protects section men on a hand car near a highway cross-
ing which a locomotive is approaching.

3. A section man does not assume the risk of a collision of his
hand car with a train, induced by the foreman's going forward
from a station on the train's time, instead of waiting there for it
to pass.

4. Evidence in an action by a section man for injuries in remov-
ing a hand car from the track to avoid a collision with a train
held to require submitting the question of contributory negligence
to the jury.

5. Also to require submitting to the jury the question of whether the
injury was the proximate result of the foreman's negligence in
running on the train's time.

Vol. 118—10

6. Also to require submitting to the jury the question of the foreman's gross negligence in running on the train's time.

7. Where a defendant understands from the court's ruling on a demurrer to the petition that its liability is rested solely on a certain ground, its introduction of evidence will not be deemed a waiver of defects in alleging another ground of liability.

8. In a section man's action for injuries in removing a hand car from the track to avoid a collision with a train in the neighborhood of a highway crossing, plaintiff alleged negligence, in that the train was being run in a rapid, reckless, and dangerous manner, and "without giving proper signals." HELD, insufficient to warrant an instruction that if the train approached the crossing without whistling or ringing the bell, whereby the hand car was led into dangerous proximity to the train, etc., such failure was the proximate cause of plaintiff's injury.

9. A train's failure to give the statutory signals on its approach to a highway crossing is not the proximate cause of injuries to a section man in removing a loaded hand car from the track to avoid a collision, where the presence of the hand car in the neighborhood was due to the section foreman's negligence in running on the train's time.

10. Where by reason of the gross negligence of a section boss or the negligence of certain train men, a collision between the train and a hand car was imminent, and to avoid such collision the section foreman ordered the hands to take the hand car from the track, in doing which plaintiff, one of the section men, was ruptured, as a natural consequence of having to lift the loaded hand car from the track quickly to avoid the collision, the railroad company was liable therefor, in the absence of contributory negligence.

GORDON & GORDON & COX AND PIRTLE & TRABUE, ATTORNEYS FOR APPELLANT.

## SYNOPSIS AND AUTHORITIES.

1. The defendant was surprised by the ruling of the court on motion for peremptory instructions and was entitled to a continuance.

2. Failure of the train to whistle at the public crossing was not negligent as to plaintiff.

3. Plaintiff must be held to have assumed the risk out of which his injury grew. Lillard's Adm'r v. Mary Hueston Transportation Company, 4 Rep., 254; L. & N. R. R. Co. v. Bass, 19 Rep.,

Illinois Cent. Ry. Co. v. McIntosh.

1474; Larson v. St. Paul, etc., R. Co., 44 Am. & Eng. Dec. Railroad Cases, p. 530.

4.   Plaintiff's injury was not the proximate result of the negligence if any.   Morse v. C. & O. R. Co., 24 Rep., p. 1161.

5.   On the other hand if it be held that the appellant's servants, as prudent men, could have anticipated the injury, then, likewise, the plaintiff being *sui juris* could also have anticipated it and was guilty of contributory negligence in exposing himself to the particular danger.   I. C. R. Co. v. Jordan, 25 Ky. Law Rep., 1610.

FOX & MORROW AND C. J. WADDELL, ATTORNEYS FOR APPELLEE.

## POINTS AND AUTHORITIES.

1.   Appellant should have been held liable for gross negligence of section boss in ordering crew to proceed with hand car down track without precaution so as to meet approaching train.   Instruction B should have been given.   R. Co. v. Long, 24 Ky. Law Rep., 567.

2.   Instruction A, imposing liability on appellant for failure of approaching train to whistle for curve as required by its rules should have been given.

3.   Statutory signals of approach to public road crossing are for benefit of all persons who may be exposed to danger by an approaching engine, but for distinct reasons trespassers and wrongdoers can not complain.   Appellee had an especial right to rely upon signals at this crossing, for it was the usual place for crew to remove car.   Cahill v. R. Co., 92 Ky., 345; Defrieze v. R. Co., (1903) 8 Railroad Reports 70; Lonnergan v. R. Co., 17 L. R. A., 254.

4. A material part of the evidence whih the record shows was before the jury was not made part of the record.   Rule 27 of this court applies only to a complete record.   If the record should be a partial transcript, still it will be held complete for purposes of appeal as by proper schedule it could have been made so, or the court before submission will permit further transcript of the omitted record to be filed; but where omitted evidence has not been made part of the record and the appellate record is complete, yet as it shows that material evidence before the jury was not made part of the record, the sound rule still obtains that the judgment will not be disturbed if sustained by the pleadings.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee, Charles McIntosh, was in the service of appellant as a laborer in a section gang working under a foreman named Monroe Ray, who had charge of the force. On or about November 7, 1901, they were working above Ilsey, a station on the road. After dinner the foreman ordered the men to put the hand car on the track, saying they had to go to Ilsey. They went down to Boxtown, and there stopped a minute or two while he went into a store. When he came out of the store and got on the car, he directed them to pull out. This they did, and when they had gone a short distance, as they rounded a curve they saw a freight train approaching them, about 75 or 100 yards off. They all jumped from the car. The foreman ordered the car to be taken off the track. There are four hand holds on the car, for four men to take hold of it. Appellee and three other men took hold of the car, as ordered by the foreman, and quickly got it off the track as the engine came right beside them. The car had on it two or three jacks, twelve or fifteen tamping picks, about the same number of shovels, two or three claw bars, two or three line bars, dinner buckets, and other things. The usual way of moving the hand car from the track was to unload it, and then take the car off, but on this occasion they had to take the car off with the load on it, to prevent collision with the train, and hardly had time to get it off in that way. They also had to lift it up very hurriedly, and move off with it quickly, to avoid the collision. In doing this appellee, McIntosh, was badly ruptured, and his capacity to labor was seriously impaired. He also suffered pain and lost time while suffering from the injury. The train was on time, and the section foreman was running on the time of the train. There

was a public road crossing a few rods west of them, over which the train passed as it approached them; and it failed to whistle or give the statutory signal for the road crossing, by reason of which its presence was unknown to the men on the hand car until they rounded the curve and were very near it. McIntosh filed suit to recover for his injuries, alleging negligence on the part of the section foreman and also on the part of the trainmen. The proof introduced on the trial by him tended to show the facts above stated. The evidence for the defendant tended to show that his injuries were not as serious as claimed by him, and that the proper signals were given for the crossing by the engineer as the train approached it. The jury found for the plaintiff in the sum of $650.

At the conclusion of the plaintiff's evidence the defendant moved the court to instruct the jury peremptorily to find for it. The court overruled the motion; holding that the sole ground upon which he would submit the issue was as to whether or not "it was negligence for the freight train to approach the public crossing at the same time the sectionmen did, without giving the statutory warning." The defendant then announced that it was surprised, and was unprepared to meet the case on these views, and moved the court to set aside the swearing of the jury and grant it a continuance, which motion the court overruled. The ground of this motion, as we are informed in the brief, was that, in overruling the demurrer to the petition filed by the defendant, the court had held the petition good, on the ground of the negligence charged on the part of the section boss, and the defendant had prepared its case only on this ground. But there is nothing in the record showing that the court had misled the defendant in any way in its ruling on the demurrer at the previous term, and, in the absence of evidence,

we must presume that he ruled correctly in overruling the motion to set aside the swearing of the jury or continue the case. The defendant made no showing that any proof could be had if the case was continued which it did not then have, and no affidavit was filed to show that the ends of justice required a continuance of the case.

At the conclusion of the evidence the court refused the following instruction asked by the plaintiff: "The court instructs the jury that if they believe from the evidence that the section boss, Monroe Ray, by gross negligence ordered the hand car to be run from the place of work, near Boxtown, to Ilsey, without proper precaution to protect his crew from collision with trains, and if they further believe from the evidence that Charles McIntosh was with said crew, and that he was injured in a reasonable effort to remove said car from the track to prevent a collision with a train, and they further believe from the evidence that said injury was the natural result of said gross negligence, then the jury will find their verdict for plaintiff. 'Gross negligence,' as here used, means the absence of slight care." He then gave the following instruction, to which the defendant objected: "The court instructs the jury that if they believe from the evidence that the engine mentioned by the witnesses approached a public road crossing near where plaintiff claims to have been injured without sounding its whistle or ringing its bell, and that, by reason of a failure of the defendant's employes in charge of said engine to either ring the bell or blow the whistle while approaching said crossing, a hand car, and section hands on same, ran into dangerous proximity to the approaching train, which rendered it necessary for plaintiff and others to speedily remove said car from the track, and that plaintiff, in assisting to remove said car from the track, and while exercising ordinary care

Illinois Cent. Ry. Co. v. McIntosh.

for his own safety, was injured in his person, or ruptured, and that such injury was the direct and proximate result of such failure by those in charge of the engine to blow the whistle or ring the bell on approaching the crossing, then the law is for the plaintiff, and the jury will so find."

It is insisted for appellant that, as to a section hand on a hand car, the failure of the train to whistle at a public crossing as required by the statute is not negligence; that a section hand assumes the risk incidental to riding on hand cars, including the risk of being overtaken by a train; that the peril of throwing off the hand car was one of the ordinary risks of the service which was assumed by the plaintiff, and that the hernia suffered by him was not the natural or proximate result of the negligence of the defendant. It is also insisted that the instruction given by the court is not warranted by the allegations of the petition.

Section 786, Kentucky Statutes 1903, requires that each locomotive shall have a bell and whistle, and that outside of incorporated towns the bell shall be rung or whistle sounded for a distance of at least fifty rods from the place where the railroad crosses at grade any public highway, and that the bell shall be rung or whistle sounded continuously until the engine has reached such highway crossing. Section 793 provides a penalty for a violation of the statute, and, by section 466, a person injured by violation of the statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty for the violation is thereby imposed. In Cahill v. Cincinnati, etc., R. R., 92 Ky., 345, 13 R., 714, 18 S. W., 2, it was held that the failure of a railroad train to give the signal of its approach to a public crossing is negligence, as to one at a private crossing near by, and thus lawfully upon the track. This case has been followed in subsequent cases, and the principle thus decided

seems to apply equally to persons on a hand car, rightfully using the track, as to one on a private crossing. L. & N. R. R. Co. v. Survant, 44 S. W., 88, 19 Ky. Law Rep., 1576; ·L. & N. R. R. v. Bodine, 59 S. W., 740, 23 Ky. Law Rep., 147; Wilmuth's Admr. v. I. C. R. R., 76 S. W., 193, 25 Ky. Law Rep., 671.

A section hand assumes the risks incidental to riding on a hand car where ordinary care is used in its management, but he does not assume the risk incidental to the gross negligence of the section foreman in running the hand car. It is the duty of the section foreman not to expose his men to risks of collisions with trains, thus imperiling their lives, without exercising proper precautions for their safety. In the case before us he was running on the time of the freight train. He stopped at Boxtown, and, without taking any precautions for the safety of his men, instead of waiting there for the train to pass, went on until he met the train. Such conduct warranted the jury in finding him guilty of gross negligence, and, while the section men assume all risks incidental to ordinary negligence on his part, the company is liable for his gross negligence. L. & N. R. R. v. Collins, 63 Ky., 114, 87 Am. Dec., 486; Illinois Central R. R. v. Coleman, 59 S. W., 13, 22 Ky. Law Rep., 878; Cincinnati, etc., R. R. v. Cook's Admr., 113 Ky., 162, 67 S. W., 382.

In Long's Admr. v. Illinois Central Railroad, 68 S. W., 1095, 24 Ky. Law Rep., 567, 58 L. R. A., 237, it was held that where the section foreman ordered his men to proceed with the hand car, and one of them was killed in a collision by reason of his negligence, there could be a recovery, although he knew they were running upon the time of the train. The court said: "The section foreman under whose directions he worked represented the master, and it was Long's duty to obey his orders in the usual course of business. When he

received an order, it was not his duty to sit in judgment upon its propriety, or to enter into a discussion with him as to the facts upon which it was based. He had a right to presume that improper orders would not be given, and to assume that the section foreman would not direct him to take risks that were improper. If he was injured while obeying the orders of his superior, and by reason of his negligence, he may recover, unless the risk was such that a person of ordinary prudence, situated as Long was, would not have taken it." The court adheres to the rule thus laid down. In that case Long was killed, and there might be a recovery under the statute for his death if only ordinary negligence was shown. But in this case, as death did not result, and the common-law rule declared by the court has not been changed by statute in cases where death does not result, there can be no recovery on account of the negligence of the section boss in operating the hand car unless gross negligence is found. The ordinary way of taking the hand car from the track was to unload it and then lift it off. In the case at bar, by reason of the proximity of the train, there was no time to unload the hand car; and, when the section boss gave the order to take it off the track, it was, under the circumstances, an order to take it off as it was, without unloading it, and to take it off quick, before the train reached it. It is a matter of common knowledge that hernia is liable to be produced by a sudden, violent strain; and the removal of the hand car, loaded as it was, quickly from the track, would naturally cause such a strain, especially as there were only four hand-holds on the car for four men to lift it. The emergency requiring this strain which brought about the injury to appellee was due to the negligence of the foreman, as well as to the want of signals of the approach of the train. In I. C. R. R. v. Langan, 76 S. W., 32, 25 Ky. Law Rep., 500, it was

Illinois Cent. Ry. Co. v. McIntosh.

held that it is the duty of the railroad company to furnish its employes engaged in handling heavy weights adequate assistance to enable them to handle the weight with safety. In view of the emergency that was presented, and the consequences that might have ensued to the train, and to themselves from a collision by the train with the hand car, it was a question for the jury whether appellee exercised such care as might be ordinarily expected of a person of usual prudence, situated as he was, and whether the injury that resulted to him in obeying the order of his superior was the natural and proximate result of the negligence of the defendant above referred to. The order of the boss was in effect an order to each of the men to remove the hand car from the track, and it was the duty of each of them, not to wait for another, but to seize the handhold nearest to him, and obey the order, to avoid a collision. The circuit court erred in not submitting to the jury the question of gross negligence on the part of the section boss, as above defined.

It remains to determine whether the allegations of the petition are sufficient to warrant the instruction given by the court as to negligence on the part of the trainmen. In the original petition the plaintiff alleged that his injury was proximately caused by the gross negligence of the defendant's section boss in the operation of the hand car, and by the gross negligence of the trainmen in the operation of the engine and train approaching them. The defendant entered a motion that he make his petition more specific, and, this being sustained, he filed an amendment, alleging, as to the train, that it was at the time being run in a rapid, reckless, negligent and dangerous manner, and without giving proper signals. The defendant filed a general demurrer to the petition, which was overruled, and, without further motion, filed an answer controverting its allegations. On the trial, without objection,

Illinois Cent. Ry. Co. v. McIntosh.

proof was given by the plaintiff as to the location of the crossing, and as to whether or not the train gave the statutory signals as it approached it. The rule in this court is that where a matter is defectively alleged, and evidence is given on it by both the parties, without objection, on the trial, the court will 'treat the defective averment as cured by the proof. We would apply this principle here, but for the motion and statement made by the defendant at the close of the plaintiff's evidence, which shows that it did not understand that the case was rested on this ground, and was, in effect, an objection to the evidence. The allegation that the train was run without proper signals was a mere conclusion of law. A denial of it raised no issue of fact to be determined. Appellee can not complain of the speed of the train. The petition should have charged that the crossing was a public one, sufficiently near by for the signals there to have apprised the men on the hand car of the approach of the train in time to have avoided the disaster, and should have stated facts showing that the statutory requirement as to signals was not complied with. In the condition of the pleadings, instruction 1 should not have been given. There is another objection to this instruction. The failure of the trainmen to whistle at the crossing was not the proximate cause of the plaintiff's injury, although it was a link in the chain of circumstances causing it. If the foreman had not run his hand car negligently on the time of the train, there would have been no trouble from the failure to give signals of the approach of the train to the crossing. On the other hand, if these signals had been given, the consequences of his negligence might, perhaps, have been avoided. If the train had struck the hand car and injured the plaintiff from either of these causes, he would have a right of action, or if, in jumping out of the way, he had ruptured himself, when placed in peril either

Illinois Cent. Ry. Co. v. McIntosh.

by the gross negligence of his foreman, or by the negligence of the trainmen in not giving the signal, he might recover. But in the case at bar he got off the hand car after it was stopped, and, if nothing more had occurred, he would not have been injured. His injury was due, as one of his witnesses expresses it, to the fact that they had to throw the hand car right off, and just had time to get out of the way when the train dashed by. This was done at the order of the section boss, given after the train had passed the crossing, and it would seem that the rupture of the plaintiff might not have occurred but for the car's being loaded. The order of the section boss for them to throw the car off was proper, to avoid a collision; but if, by reason of the emergency thus negligently produced, the plaintiff was injured in obeying the order of the section boss, to prevent a collision or loss of life or property, and his injury was the proximate result of his obeying the order of his boss, and was not due to negligence on his part in overstraining himself to get the car off, of which the jury are to judge, he may recover.

On the return of the case to the circuit court, the plaintiff will be allowed to amend his petition, and on another trial the court, in lieu of the two instructions quoted, will give one instruction as herein indicated.

Judgment reversed, and cause remanded for a new trial and further proceedings consistent herewith.

Response by Judge Hobson to petition for rehearing:

Counsel seem to misapprehend the opinion. We said: "If the foreman had not run his hand car negligently on the time of the train, there would have been no trouble from the failure to give signals of the approach of the train to the crossing. On the other hand, if these signals had been given, the consequences of his negligence might have, perhaps, been

Illinois Cent. Ry. Co. v. McIntosh.

avoided. . . . The order of the section boss for them to throw the car off was proper to avoid a collision, but if, by reason of the emergency thus negligently produced, the plaintiff was injured in obeying the order of the section boss to prevent a collision, or loss of life or property, and his injury was the proximate result of his obeying the order of his boss, and was not due to negligence on his part in overstraining himself to get the car off, of which the jury are to judge, he may recover." The plaintiff on the first trial had asked an instruction predicated on the negligence of the section boss, and also one predicated on the negligence of the trainmen. Further on in the opinion we said that, in lieu of these two instructions, the court should give one instruction as indicated in the opinion. What we meant is that if, by reason of the gross negligence of the section boss, or by reason of the negligence of the trainmen, a collision of the train with the hand car was imminent, and to avoid the consequences of this the section foreman ordered the hands to take the hand car from the track, and in doing this the plaintiff was ruptured as the natural consequence of having to lift the hand car from the track quickly, loaded as it was, to avoid a collision, he may recover, unless his injury was due to contributory negligence on his own part.

Petition overruled.