CASE 50.—ACTION BY HAMP MIZE AGAINST THE LOUIS-
VILLE & NASHVILLE R. R. CO. FOR DAMAGES
FOR PERSONAL INJURIES.—December 12.

# Mize v. Louisville & N. R. R. Co.

Appeal from Whitley Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for defendant, plaintiff appeals—Affirmed.

1. Master and Servant—Master's Liability for Injuries to Serv-
ant—Acts Constituting Negligence.—A torpedo placed on a
railroad track to warn a train of another ahead is not an
obstruction, the placing of which on the track constitutes
negligence, rendering the railroad liable for. injuries. to a
section hand caused by its explosion.

2. Same—Contributory Negligence.—A section hand, who had
been in the employ of a railroad for some time, and who was
thoroughly familiar with torpedoes, knowing that they were
in constant use by the railroad for the purpose of signaling
trains that the track ahead was obstructed, and who knew
that he had no opportunity of being apprised of the fact
that a torpedo had been placed on the track, and that, if the
train which had just passed should lose time, it would place
a torpedo on the track to notify any train that might be
following, was bound to see, in pushing a hand-car along the
track, if a torpedo had been placed on the track, and, if he
pushed the hand-car over one and was injured by its ex-
plosion, it was due to his own carelessness.

3. Same—Risks Assumed by Servant.—An employe assumes all
of the risks ordinarily incident to the business in which he
is engaged.

SHARP & SILER, Attorneys for appellant.

In this case the bold, stubborn fact shows that the torpedo was
negligently left on the railroad tracks; that it was dangerous,

Mize v. Louisville & N. R. R. Co.

and that appellant did not know it was on the track, and did not know of the danger by it being placed there, and for the reasons given we insist that the case be reversed.   (Ill. Cent. R. R. Co. v. Leisarr's Admr., 28 Ky. Law Rep., 768; L. & N. R. R. Co. v. Foley, 94 Ky., 224.)

BENJAMIN D. WARFIELD for appellee.

POINTS DISCUSSED AND AUTHORITIES CITED.

The peremptory instruction was properly given for the reason:

1. That the petition did not state a cause of action against appellee, and

2. There was no evidence of actionable negligence against appellee which authorized the court to submit the case to the jury. The accident was one of the ordinary risks of the service.   (Lindsay v. Hollenback & May Construction Co., 29 Ky. Law Rep., 68, and cases there cited and quoted from; Shemwell v. O. & M. R Co., 117 Ky., 556; Wilson v. Chess W. Wymond Co., Ib, 567, and cases therein cited, particularly Mellott v. L. & N. R. Co., 101 Ky., 212; Sullivan v. L. & N. R. Co., 115 Ky., 44; L. & N. R. Co. v. Hart, by etc., 24 Ky. Law Rep., 1123; Merschell v. L. & N. R. Co., 29 Ky. Law Rep., 467; I. C. R. Co. v. Leisure's Admr., 28 Ky. Law Rep., 768, distinguished.)

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellant was a section hand in the employ of the Louisville & Nashville Railroad Company, working under the direction of a section foreman.  On the morning of March 28, 1905, this foreman, with appellant and a gang of men, left Jellico, Tennessee, on a hand car to go to a point north of Saxton to work. They rode in this way until they met a passenger train which was going south.  In some way unexplained in the record, the hand car became disabled, and from this point, to the place where they were to work that day the hand car was pushed by the section hands, including appellant, who walked along

the side of and behind the car pushing it ahead of
them. While so pushing the car, a train was heard
approaching, and the section foreman, who was some
distance ahead of the men, signaled them to run the
hand car to a point where it could be taken from
the track, so as to permit the train to pass. Appel-
lant and the other section men complied with the
signal given by the foreman, and, while running the
car ahead, as directed, ran it upon and over a tor-
pedo which had been placed upon the track on the
rail nearest appellant. The torpedo, when the hand
car ran over it, was exploded, and a particle thereof
passed into and injured the leg of appellant. To
recover for this injury appellant filed his suit against
the company, alleging that it negligently and care-
lessly caused, suffered, and permitted the torpedo to
be placed and remain on the track of the railroad
without the knowledge of appellant; that, by reason
of said torpedo's being left on the track, it was dan-
gerous and hazardous for the plaintiff to run the
hand car along and upon the track. The defendant
answered, denying that it negligently and carelessly
caused, suffered, and permitted a torpedo to be placed
and remain on the track of its railroad. It further
pleaded contributory negligence on the part of appel-
lant. A traverse of this plea completed the issue.
Upon a trial of the case, at the conclusion of the in-
troduction of plaintiff's testimony, the jury was
instructed to return a verdict in favor of the de-
fendant, which was done. To reverse this ruling and
judgment of the lower court, the plaintiff appeals.

It is insisted for appellee that the allegations of
the petition do not constitute a cause of action; that
unless it is shown by the plaintiff that the torpedo
was not placed upon the track for a necessary or

lawful purpose, or that it was not properly placed upon the track, or that it was so placed that it could not, by the exercise of ordinary care, be discovered by appellant or that appellant did not know of the dangerous quality, character or nature of the torpedo, that he cannot recover. This contention is stoutly denied by appellant, and, relying upon the case of the Illinois Central Railroad Company v. Leisure's Adm'r, 90 S. W. 269, 28 Ky. Law Rep. 768, he insists that when he has alleged that the company had placed a torpedo upon its track, and he had no knowledge that it was there, and in the discharge of his duty, in operating the hand car and propelling it over said torpedo, he is injured, the company is liable therefor; that it was the duty of the company, when it had placed a torpedo upon the track, to notify those operating the hand car that it had been placed there, and that the failure of the company to give notice that it had been so placed was of itself an act of negligence on the part of the company. This issue brings squarely before us the question as to whether or not a torpedo is an obstruction.

It is a fact well known to those familiar with the operation of railroad trains that torpedoes are in general use as signals. Where a train has become disabled, or for any cause whatever is prevented from making schedule time, and is caught between telegraph stations off its schedule time, with the knowledge that another train is following, it becomes necessary that some signal should be given to the second train notifying it that the train in advance is blocking the way. Many devices and schemes have been resorted to in order to accomplish this result. Frequently a flagman is sent back to warn the approaching train, but in such cases the train in advance

must wait until the approaching train has been notified of its presence upon the track a short distance ahead, or else it must proceed without the flagman. This method of notifying the on-coming train that the track was obstructed was early adopted. It necessarily impeded the progress of the train, and was tedious and tiresome to the traveling public. Later the use of the torpedo was discovered, and it was found that by placing one or more torpedoes upon the track, and fastening them to the rail by means of a small wire, that, when the on-coming train passed over and exploded them, those in charge of it knew that a train was just ahead of them, and they slackened the speed of their train and followed along cautiously in the wake of the train in advance. In this way no time is lost. Other devices have been restored to and found most acceptable, notably the electric block signal system, but none has been or doubtless can be invented which gives a more satisfactory result than the use of the torpedo, for the reason that flagmen have been known to fail in the discharge of their duties, electrical systems have frequently failed to operate, but the occasion is rare, indeed, where the torpedo has failed to explode, and notify those in charge of the train that the track is obstructed ahead. The torpedo, then, it will be seen, is a part of the machinery, a contrivance used to secure the safe operation of railroad trains. As such it serves a most useful purpose, and tends materially to lessen the chance of accident by collision, and, being such, it cannot be properly termed an obstruction, for an obstruction is something placed upon the track which is calculated to produce, rather than to prevent, an accident. It is true that to properly serve its purpose the torpedo must explode with con-

siderable violence and force, in order to produce a sound loud enough to be heard by those engaged in the operation of the train above the sounds ordinarily produced by the train in its passage, and it is a well-known fact that all explosives are more or less dangerous and their use is accompanied with more or less hazard. The business of railroading is of itself a hazardous and dangerous business, and those who engage in it assume the risks ordinarily incident to the conduct of the business. It is not enough for plaintiff to allege that the company negligently placed the torpedo upon its track, or that it failed and neglected to notify him of its presence there, but he must further allege and show, before he would have the right to recover, that he could not, by the exercise of ordinary care, have discovered its presence there, for he was not upon the hand car, but was walking or running by the side of it, and, had he looked, he could not have helped but discover the presence of the torpedo upon the track ,because it was fastened to the rail nearest him. This case differs very materially from the Leisure Case, in this: that in that case the plaintiff was riding upon a hand car which was known by the company to be in a defective condition, and the injury in that case was no doubt directly traceable to the fact that the plaintiff was compelled to use or ride upon a hand car which was in a dangerous and faulty condition, and but for which unsafe condition of the car he would not have been injured. Particular stress was laid in that case upon the faulty condition of the car, rather than upon the presence of the torpedo upon the track, and the torpedo being upon the track was more properly an incident to the right of recovery than a cause therefor. The facts stated in the petition and its several

amendments do not constitute a cause of action.

· We come next to a consideration of the question as to whether or not the trial court erred in peremptorily instructing the jury. Upon this question, less of difficulty is presented, for the reason that the proof shows that appellant had been in the employ of the company some time; that he was thoroughly familiar with the character and nature of torpedoes; that he knew they exploded when run over or pressed by any heavy body; and that they were in constant use by the railroad company for the purpose of notifying trains that the track ahead was obstructed. On the morning in question appellant knew that a train had just gone south, and that, while they were following this train, he heard another train coming, and they were endeavoring to take the hand car to a place of safety before it arrived. He knew that he had had no opportunity of being apprised of the fact that a torpedo had been placed upon the track, and he also knew from his acquaintance with the operation of railroads that, if the train which had just passed should for any cause lose time or be compelled to stop, it would place a torpedo upon the track to notify any train that might be following it that it was obstructing the way, and, with this knowledge of the custom of those in ·charge of trains, he had a right to know that a torpedo might be placed upon the track; and in pushing the car along it was his duty to see if one was placed upon the track, and not blindly push the hand car over it and run the risk of being injured, and, if he does so, as the proof in this case shows, it is due to his own carelessness. In the Leizure Case the injured party was riding upon the car. The record shows that he fell off and was run over by the car. Therefore he must have

had his back turned in the direction in which the car
was going, whereas, in the case at bar, appellant was
walking along in the same direction in which they
were shoving the car, and by exercising the slightest
care or attention, he must have discovered the tor-
pedo upon the track, in which case, knowing the
danger, they could have stopped the car, removed
the torpedo, and replaced it upon the track after the
car had passed.   We have been unable to find any
case similar to this, but, applying the principle that
an employe assumes all of the risks ordinarily inci-
dent to the business in which he is engaged—a prin-
ciple now too old and well established to need further
elaboration here—it seems that this case falls clearly
within the purview of this rule.   In placing the tor-
pedo upon the track the appellee company was guilty
of no negligence, but, on the contrary, under such
circumstances, its failure to place it there or by other
signal warn the following train that the track was
obstructed ahead would have been the grossest neg-
ligence on the part of the company.   This torpedo
was placed upon the track to warn the approaching
train that the track was obstructed ahead.   This
aproaching train had not yet reached the place
where the torpedo was, and therefore the purpose
for which it had been placed there had not yet been
served.   Certainly there was no negligence on the
part of the company in permitting it to be there;
besides, it is primarily the duty of section hands, or
crews, to look after the track and see that it is in
proper condition, to see that no obstruction is placed
upon the track, and, if any is there, to remove it.   Had
appellant, or his associates comprising this section
crew, been attending strictly to their duties, they
would have discovered the presence of the torpedo

upon the track, and this is especially true if appellant's view is to be taken of it, that it was an obstruction. Viewed in this light, appellant was guilty of such contributory negligence that he should not be permitted to recover, but, considering this question in its proper light, as we see it, the placing of the torpedo upon the track for a useful and lawful purpose, which had not yet been served, was not an act of negligence on the part of appellee company, and consequently no cause of action existed against it for so doing.

Judgment affirmed.