## Gordon v. Chesapeake & Ohio Railway Company.

(Decided October 21, 1915.)

### Appeal from Greenup Circuit Court.

1. Master and Servant—Safe Place—Railroad Signal Torpedo.—The presence of a railroad signal torpedo on a railroad track over which a section foreman is proceeding with his crew on a hand-car is not negligence in failing to provide a reasonably safe place in which to work, nor in any other respect. It is one of the dangers ordinarily incident to the operation of railroads, and a place is safe in contemplation of the safe place rule when the only dangers therewith connected are those ordinarily incident to the employment.

2. Master and Servant—Superior Servant Doctrine—Negligence of Section Foreman.—Where a section foreman proceeding over the track with his crew on a hand-car negligently fails to observe the presence of a torpedo on the track and such negligence is gross, a section man thereby injured may recover from the master.

3. Master and Servant—Assumed Risk.—The servant assumes all the risks ordinarily incident to his employment, but not the risk of gross negligence on the part of a superior servant.

S. S. WILLIS and R. D. DAVIS for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE HANNAH.—Affirming.

W. H. Gordon sued the Chesapeake & Ohio Railway Company in the Greenup Circuit Court, to recover damages for injuries said to have been sustained as the result of the explosion of a railroad signal torpedo. Upon the trial, the jury returned a verdict for the defendant, and the plaintiff appeals.

Gordon was a section-man in the employment of appellee railroad company. His foreman was William Ratcliff. Ratcliff and his section-crew and another section

foreman, Burt Burns, and his crew, were working together. They were transporting rails, one end of the rails being on Burns' car which was in front, and the other end being on Ratcliff's car. The hand-car in front ran over a railroad signal torpedo, causing it to explode; and it was claimed by appellant that a fragment of the torpedo struck and injured his leg.

The section foreman and all of the crew who were asked the question testified that Gordon made no complaint of having been injured at the time; but some days thereafter he ceased work. He had been affected for some time prior to the date of this alleged injury with a chronic disease of the leg, the after-effects of an attack of typhoid fever.

There were four grounds of negligence charged in the petition: (1) failure to exercise the utmost care in the handling of dangerous explosives; (2) failure to warn and instruct plaintiff of the presence of the torpedo on the track and the danger therefrom; (3) failure to exercise ordinary care to provide and maintain a reasonably safe place in which to work; and (4) negligent running of the hand-car over the torpedo and exploding it.

Appellant offered an instruction covering all the grounds of negligence so charged, but the court declined to give it, and in submitting the case to the jury, told them that if they believed from the evidence that the section foreman in charge of the front hand-car by gross negligence failed to discover the torpedo on the track and plaintiff was thereby injured, they should find for him.

The trial court was right in declining to give the instruction offered by plaintiff. The rules applicable to the storage, handling and care of explosives do not apply to railroad signal torpedoes when placed on the track for signalling purposes. Nor is the rule that it is the duty of the master to warn and instruct the servant here applicable, for the servant's injuries did not result because of the master's failure so to do.

Nor is there involved any breach of the duty to exercise ordinary care to provide a reasonably safe place in which to work.. The place where the servant was at work was unsafe, if at all, only because of the presence of the torpedo on the track, and under the rule of Mize v. L. & N. R. R., 127 Ky., 496, 105 S. W., 908, 16 L. R. A. (N. S.), 1084, there was no negligence in placing the

torpedo there. But there may have been negligence in running over and exploding the torpedo

The act of running a train over its track by a railroad company is not negligence; but it may be negligence for a section foreman proceeding over the track with his crew on a hand-car not to observe the approach of the train. Long's Admr. v. I. C. R. R., 68 S. W., 1095, 24 R., 567, 58 L. R. A., 237; I. C. R. R. v. McIntosh, 80 S. W., 496, 26 R., 14. So, although it was not negligence on the part of the railroad company to place the torpedo on its track, yet, inasmuch as such torpedoes explode with considerable violence, it might be negligence for a section foreman proceeding over the track with his crew on a hand-car, to fail to observe the presence of the torpedo thereon; and if that negligence be gross, a section man thereby injured may recover from the master. The instruction complained of was correct.

2. Appellant also complains of the instruction on assumed risk whereby the jury were informed that the railroad company was not negligent in placing the torpedo on the track; that the danger therefrom was one of the risks ordinarily incident to plaintiff's employment, and that he assumed all the risks ordinarily incident thereto; and that unless the section foreman was guilty of gross negligence in failing to observe the torpedo, the plaintiff could not recover. This instruction was likewise correct. It was held in the Mize case, supra, that the danger from torpedoes was a risk ordinarily incident to the servant's employment.

The plaintiff assumed all the risks ordinarily incident to his employment, including a want of ordinary care upon the part of the section foreman, but not the risk incidental to gross negligence on his part. I. C. R. R. v. McIntosh, supra. He did not assume, of course, risks arising from a breach of duty upon the part of the master to furnish a reasonably safe place in which to work, but, as we have heretofore explained, there is no breach of such duty here involved.

The only ground of negligence upon which plaintiff could have recovered was submitted to the jury under instructions that were free from meritorious criticism, and the jury has found against him. He has therefore no valid cause for complaint.

Judgment affirmed.