## Chapman v. Freeman.

(Decided November 4, 1915.)

### Appeal from McCreary Circuit Court.

1.  Elections—Graded School Trustees—Officers of Election—Certificate.—Under Section 4485, of the Kentucky Statutes, officers of graded school elections should be appointed by the board of trustees, and they should return the poll books and certify the result of the election to the board, and the board should examine and compare the same and issue certificates to the persons found to be elected.

2.  Elections—Graded School Trustees—Action to Quiet Title—Certificate Necessary to Maintain Action.—A certificate of election from the board of trustees of a graded school is necessary to enable a person claiming to have been elected trustee to maintain an action against another person for interfering with him in the discharge of his duties as trustee.

3.  Elections—Graded School Trustees—Mandamus to Compel Issual of Certificate.—If the board of trustees refuse to issue a certificate to a person who has been elected trustee, he may compel the board by mandamus proceedings to issue him a certificate.

JOHN W. SAMPSON, J. W. RAWLINGS and I. N. STEELEY for appellant.

DENTON, STEPHENS & GILREATH for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing.

The appellee, Freeman, claiming to have been elected as one of the trustees of the Greenwood graded school, in McCreary County, and afterwards made chairman of the board, brought this suit against the appellant, Chapman, to enjoin him from attempting to exercise the duties of the office of chairman of the board of trustees and hold-

ing himself out as a member of the board and chairman thereof. The circuit court granted Freeman the relief prayed for, and Chapman appeals.

It appears that at an election held in May, 1915, for the purpose of electing three trustees, at which election Chapman, who was a member of the old board, was a candidate for re-election, Freeman was elected as one of three new members, Chapman being defeated for re-election. After this Chapman, who had been chairman of the old board, undertook to continue to exercise or attempt to exercise the duties of the office of chairman, claiming that Freeman, who was also undertaking to exercise the duties of the office by virtue of his election in May, 1915, was not, in fact, elected, or entitled to act as a member of the board, for reasons that will be presently pointed out. Whereupon, as stated, Freeman brought this suit.

Section 4485 of the Kentucky Statutes provides:

"After the first election provided for in this law shall have been held, the tax voted, trustees elected, and the graded common school organized, the board of trustees shall appoint the officers to hold all other elections, which officers shall take an oath to be under the same responsibilities and subject to the same penalties as the officers holding State or county elections, only they shall make returns of poll books, and certify the result of the elections to the board of trustees, who shall examine and compare the same and issue certificates to the persons found to be elected."

It will be observed that under this section the board of trustees should appoint the election officers and that the officers should return the poll books and certify the result of the election to the board, who, after examining and comparing the same, should issue certificates to the persons found to be elected. There were five candidates for trustee at the election, namely; Freeman, Chapman, Young, Treadway and Clark. Freeman, Clark and Young each received more votes than did Treadway or Chapman, and so the officers of election certified to the county superintendent of schools that Freeman, Young and Clark had been elected trustees, and the county superintendent of schools administered the oath of office to these persons, and thereupon they entered upon the discharge of their duties as trustees of the graded school, although the result of the election was not certified by the officers of elec-

tion to the board of trustees, nor did the board of trustees issue a certificate of election to either Freeman, Clark or Young.

On this appeal it is insisted that the petition of Freeman should have been dismissed in the lower court because, assuming that Chapman was interfering with him in discharging the duties of the office of trustee, Freeman could not maintain an action to prevent this interference, as the election returns had not been returned to the board of trustees, or examined and compared by them, nor had they issued to Freeman the certificate of his election. Taking this as a basis, the argument is made that Freeman, at the time he brought this suit, was not a trustee of the graded school, and of course if this position is well taken he could not maintain this action.

A strict and literal observance of the statute should not be required where the election has been honestly conducted and the result fairly arrived at. All that is necessary is that there should be a substantial compliance with the requirements of the statute. But elections like this are to be held under the supervision and direction of the board of trustees of the graded school, and it is the duty of the officers of election appointed by them to return the poll books with their certificate, showing the result to the board of trustees, and the duty of the board of trustees to examine and compare the same, and if correct to issue certificates to the persons found to be elected. And the issual of a certificate by the board to the person found by it to have been elected is, we think, indispensable to confer upon the person elected the right to maintain an action to prevent interference by another who is also claiming the office. It is the certificate that gives the person elected title to the office, and although a person may have received the majority of the votes at an election regularly held, until he has this insignia of office he is not in a position to bring a suit like this.

There is no claim in this case that the board of trustees refused to issue a certificate to Freeman, but if such a case should arise, a trustee who was elected could compel the board by mandamus proceedings to issue him a certificate.

In behalf of Freeman the argument is made that although he did not have a certificate from the board of trustees showing his election, he was, nevertheless, a *de facto* officer, and therefore had a right not only to

discharge the duties of the office but to maintain an action against Chapman for disturbing him in the performance of his duties.

We do not find it necessary in this case to determine the extent of the right of a *de facto* trustee to discharge the ordinary duties of the office in a case where his power is questioned. The point presented as necessary to a decision does not require us to go any further than to hold that a certificate showing his election is necessary to confer upon a trustee claiming to be elected the right to enjoin another person from asserting title to the office.

In Hughes v. Roberts, 142 Ky., 142, the court cited with approval from a North Carolina case the following: "An essential element of a valid election is that it shall be held by lawful authority, substantially as prescribed by law. It is not sufficient that it be simply conducted honestly; it must as well have legal sanction. The statutory provisions and regulations in respect to public elections in this State must be observed and prevail, certainly in their substance. Otherwise the election will be void and so treated. Therefore, the contention, that if the election in question was simply conducted fairly and honestly it was valid, is unfounded."

In Watkins v. Snyder, 148 Ky., 733, Watkins brought a suit against Snyder to obtain the possession of an office. The circuit court sustained a demurrer to his petition and he appealed. In the opinion the court said: "The demurrer to the petition was properly sustained for the reason that the plaintiff must recover, if at all, on the strength of his own title, and he shows no right in himself to the office. He has neither a certificate of election from the proper authorities nor a commission from the Governor. Although he received a majority of the votes cast at the election and although the election was valid in every other respect, still he is not entitled to be inducted into office until the result of the election has been determined in the manner prescribed by law. If any officer has failed to do his duty in the premises, his remedy is by mandamus against that officer." To the same effect are: Wilson v. Tye, 126 Ky., 34; Dorain v. Walters, 132 Ky., 54; Wooton v. Wheeler, 149 Ky., 62.

Wherefore, the judgment is reversed, with directions to dismiss the petition.