## Louisville & Nashville Railroad Company v. McIntosh.

(Decided March 11, 1919.)

### Appeal from Breathitt Circuit Court.

1. **Master and Servant—Negligence—Liability.**—The master is not an insurer of the safety of the servant, but, is liable, only, for injuries suffered by the servant by reason of the master's negligence.

2. **Master and Servant—Assumption of Risk.**—The servant assumes all the ordinary risks, incident to the work, in which he is engaged.

3. **Negligence—Contributory Negligence—Pleading—Submission to Jury.**—A plea of contributory negligence is an affirmative one and if not denied, the plaintiff, against whom it is charged, has no cause for submission to a jury.

O. H. POLLARD and BENJAMIN D. WARFIELD for appellant.

COPE & COPE for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This action was instituted by the appellee, George McIntosh, against the appellant, Louisville & Nashville Railroad Company, to recover damages of it, suffered by the appellee, while a servant of the appellant, and caused from a fall, received by him, upon the track of the railroad.

The petition, in substance, stated, that appellee, while a section laborer upon appellant's line of railroad, and after it had become dark upon a certain evening, was directed, by the foreman of his section gang, to go, very hurriedly, in a run, around a certain curve, and to signal an oncoming train, to stop, so as to prevent any accident to it, by its running upon an unsafe place, in its tracks, and while attempting to reach the place to which he was directed to go to signal the train, and without any fault or negligence upon his part, he fell and severely injured his face, and other designated portions of his body, to his damage in the sum of $1,500.00. The appellant demurred generally to the petition, and without waiving the demurrer, answered, traversing the averments of the petition, and in addition, plead, that appellee's negligence contributed to his injury, to the extent, that but, for his own negligence, he would not have suffered any injury. The appellee did not deny the contributory negligence, by a reply, nor otherwise.

Upon a trial, before a jury, the appellee stated, that he had been engaged in working as a laborer, upon a certain section of the road, under the directions of a foreman, for about eighteen months, and upon a night, about seven o'clock, and after it had become dark, he and several others of the section men were called out, by their foreman, for the purpose of repairing a low place, in the track. They were proceeding along the track upon a hand car, when an engine was heard to blow, and it was thought to be a train approaching from the direction, in which the hand car was going. There was a curve, in the track, just in front of the hand car, and the foreman directed him to take the lanterns, a white one and a red one, and to run around the curve to a point, from which he could signal the oncoming train, and prevent it from coming forward and colliding with the hand car, and that the foreman cursed him, when giving this direction. He was running forward, with the lanterns in one hand, and when he had gone forward, along the track, for about three hundred yards, he came to a place, where the cross-ties had been raised so as to rest upon the top of the ballast. From his testimony, the cause of his falling is not clear, but, the best, that can be made of it, he stepped upon a cross-tie, a portion upon one side of which was decayed, and the decayed portion broke off, and slipped away, and caused him to lose his balance and to fall. He fell upon his face, which received a cut, and his side, as

well as one leg, were hurt by the fall. The lantern, which made a white light, and which he was carrying, was the usual lantern used by the servants of the railroad, to enable them to see, at night, and the red one, was for the purpose of signalling. It was a part of his duties, to flag trains, and to give signals, to protect the hand car when going around curves, and had, frequently, done so, theretofore. He was acquainted with the fact, that the cross-ties, at the point, where he was injured, were lying upon the ballast, as he had assisted in placing them, in that position. Other witnesses, for appellee, made statements similar to those of appellee, except the other witnesses, said, that the direction of the foreman, to run ahead, and signal the train, was addressed to all of them, and the appellee seized the lanterns and went off, in a trot, and they fail to corroborate the statement of appellee, that the foreman cursed him, when giving the direction.

At the close of the testimony for appellee, the appellant moved the court to direct a verdict for it, but, the motion was overruled.

The appellee, then offered an instruction to the jury, to which the appellant objected, but his objection was overruled, and the instruction was given, and appellant saved an exception. The instruction, in substance, directed the jury, that it was the duty of the section foreman to warn the appellee and other men working under him of danger, and if it believed from the evidence, that appellee, while in the employment of the appellant and under the direction of its foreman, and without negligence upon his part, and while attempting to flag down one of appellant's trains, was injured, it should find for him.

The jury returned a verdict for damages for appellee, and the court rendered a judgment against appellant in accordance with the verdict, and overruled the motion for a new trial, and the railroad company has appealed.

It will be observed, that the petition did not state a cause of action. Negligence of the appellant is not alleged, nor charged, as being the cause of the injuries suffered by appellee, either directly, or remotely, nor is appellant charged with any negligence. The profane language alleged to have been used by the foreman, in directing the appellee, could not have been the cause of his falling upon the ground, from which, he avers, his injuries arose, nor is his fall attributed to that cause. The peti-

tion fails to charge, that the appellee's falling upon the ground, was caused by any obstruction upon the track. The sending of appellee, in the night time, in a hurry to signal a train, is not alleged to have been negligently done, nor is it claimed, that so doing constituted negligence, nor is it charged, that attempting to perform the service, at the time, or in the manner directed, caused the fall. To permit a recovery under the averments of the petition, it would be necessary to hold, that an employer is an insurer of the employe against any personal injury, which he may suffer, while engaged in the service of the employer. That an employer is not an insurer of the safety of the employe, is one of the firmly established doctrines of the law, with relation to the rights of employers and employes. The master is liable in damages to an employe for only such injuries as are attributable to the negligence of the former, in the performance of duties, which he owes to the servant. 26 Cyc. 1077, 18 R. C. L. 544.

The plea of contributory negligence, not having been controverted, it was admitted, upon the trial by the appellee, that his injuries were caused by his own negligence, and that except for his own negligence, the injuries would not have been sustained. The defense of contributory negligence, is an affirmative one, and when the truth of it is admitted by a failure of the plaintiff to controvert it, he has no case to submit to the jury. L. & N. R. R. Co. v. Paynter's Admr., 82 S. W. 412; Brooks v. L. & N. R. R. Co., 71 S. W. 507; Mast v. Lehman, 100 Ky. 464; Louisville Ry. Co. v. Hibbitt, 139 Ky. 43. Hence, the motion for a directed verdict in favor of the railroad company should have been sustained.

The evidence, offered by appellee, failed to prove or conduce to prove, a cause of action, in his behalf. It is a principle applied generally to the rights, duties and liabilities of employers and employes, that the employe when engaging in an employment, assumes all the ordinary risks, which are incident to the employment. In other words, the assumption of such risk, grows up out of the contract of employment. Burton Construction v. Metcalf, 162 Ky. 366; Washists & B. M. A. Co. v. Hall, 167 Ky. 819; L. H. & St. L. N. R. R. Co. v. Henry, 167 Ky. 151; Phillips v. Carter & Farris, 166 Ky. 538; Gordon v. C. & O. Ry. Co., 166 Ky. 339; Isaacs v. L. & N. R. R. Co., 167 Ky. 256; Ohio Valley Co. v. McKinly, 16 R. 445;

Fort Hill Stone Co. v. Owen, 84 Ky. 183; DeLozier v. Ky. Lumber Co., 13 R. 818. Furthermore, it is the duty of section hands, to observe and keep the track of a railroad free from obstruction.

The evidence shows, that it was a customary duty of. the men, upon the section, with appellee, to signal trains, and to go ahead around curves, to give signals to protect trains, from colliding with hand cars, and to protect the hand cars from such collisions, and to give signals, wherever they were directed, at tunnels, bridges and other places, where such duties were necessary, and appellee had been frequently assigned to, and performed such duties. The nature of the work of keeping a track in repair, so as to not hamper and impede commerce and public travel, and prevent their exposure to dangers, reasonably makes necessary, the movements of section hands, with hand cars, oftentimes at night, as well as by day, and thus the necessity of signal duties arises, at night, as well as by day. In so doing, as well as performing various other duties, it is necessary for the section hands to walk along the tracks of the road, and in cases of supposed emergency, as in the instant case, to move very hurriedly. It is not practical for a railroad company to maintain tracks of such smoothness, and dryness, as to remove all probability of a section hand stumping his toe and falling, or of his foot from slipping, and thereby, causing him to fall, or his being caused to fall from any other ordinary condition of the track. The cross-ties are usually made of wood, and all men know, that after a time, the wood becomes decayed upon the sides, without rendering them less serviceable for their purpose, and it is as well known, that the ties usually project, slightly, in some instances, and, more in others, above the surface of the tracks, and an experienced section hand knows, that in passing along the track, he must encounter such obstacles as mentioned, as well as other slight obstacles, which may happen to get upon the track from one cause or another. The appellee does not claim, that the cross-ties having been laid upon the ballast, at the place of his mishap, was the cause of his injury, as he knew all about the condition of the track at that point, having assisted in the work, but, one of the cross-ties, whether one laid upon the surface of the ballast, or not, does not appear, was decayed, so that, when he stepped upon it, a portion broke off, or having theretofore broken off, slipped from under his foot, thereby causing him to be precipitated upon the ground.

It would be highly unreasonable to require a railroad company to maintain its cross-ties of such a degree of soundness, that a portion of a tie, would not give way, when a section hand stepped upon it, or to hold, that the company owed a section hand the duty of maintaining the cross-ties in such a sound condition, that portions would not, from decay, break off, when one should step upon it, or slip under his foot, when he should step upon it.

The appellee was an experienced man, in the work, he was undertaking to perform; it was a necessary part of his duties; he was provided with the customary lights to guide his footsteps, and all that was reasonably necessary to enable him to see and avoid any ordinary risks of danger.

To direct an experienced section hand, who is acquainted with the track, to proceed hurriedly in an emergency, to flag a train, at night, when supplied with the customary light to guide his steps, does not seem to be requiring of him any extraordinary risk. Hence, it is concluded, that the cause of appellee's injuries, was one of the ordinary risks, incident to his employment, and was not caused by the neglect of any duty, which his employer owed to him, and having thus proven no cause of action, the peremptory instruction to the jury, should have followed the motion for a directed verdict, for appellant, upon that ground, as well as the admission by the pleadings, that his own negligence caused his injuries. The instruction given was erroneous, as it was not based upon any issue made in the pleadings, and was otherwise, faulty, but, in as much, as the peremptory ought to have been given, for the two reasons, above stated, the merits of the instruction will not be, further, discussed. The appeal is therefore granted, the judgment reversed, and cause remanded for proceedings not inconsistent herewith.