## Gabbard v. Louisville & Nashville Railroad Company.

(Decided October 31, 1924.)

Appeal from Breathitt Circuit Court.

1. Master and Servant—Servant Must Allege and Prove Not Only Master's Knowledge of Defect but also that he Himself had no Knowledge.—To recover because of master's failure to exercise

ordinary care to furnish reasonably safe place in which to work servant must allege and prove, not only that master actually or constructively knew of danger or defect in premises, but also that he himself had no such knowledge.

2. Master and Servant—Failure to Allege Master's Knowledge of Defect and that Employe did Not Know Thereof was Not Cured by Allegation that Plaintiff was Ordered to Hurry.—Failure to allege that master knew or that plaintiff servant did not know of danger or defect in steps where he was required to work was not cured by additional allegation charging that plaintiff was ordered to hurry over such defective steps.

3. Master and Servant—Not Negligence per se to Order Servant to Hurry.—It is not negligence per se for master to order servant to hurry, and master, by giving such order, does not become insurer of servant's safety.

4. Master and Servant—Railroad Employe Assumes Ordinary Risks Incident to Work.—One entering into business of railroading assumes all ordinary risks incident to that work.

5. Master and Servant—Section Hand Held to Assume Risk of Injury in Hurrying to Track to Remove Rock.—Section hand hurrying down stairway in embankment to take rock off track under order of foreman held to have assumed risk of injury on steps.

J. MOTT McDANIEL for appellant.

WOODWARD & WARFIELD, ROSE & STAMPER and HUNT, NORTHCUTT & BUSH for appellee.

Opinion of the Court by Judge O'Neal—Affirming.

Appellant, Price Gabbard, instituted this action in the Breathitt circuit court to recover damages of the appellee, L. & N. R. R. Company, for injuries he sustained in June, 1921, while working for the latter as a section hand. Upon the trial at the conclusion of his evidence the court peremptorily instructed the jury to find a verdict for the appellee, and from the judgment entered upon that verdict he prosecutes this appeal.

The section crew of which appellant was a member were engaged at work grading down a steep hill, at the foot of which were the tracks of the appellee. In order to reach the scene of their work from the tracks it was necessary for them to ascend a perpendicular flight of steps cut in the hill to a height of some ten or fifteen feet. Appellant had gone up and down these steps two or three times daily and, as he says, sometimes more than that during the two or three weeks he had been working there. It frequently happened that during the progress of the work rocks rolled off the hill on to the track below and

some member of the crew would descend to remove them and clear the track. Appellant swore that he had been directed to and had daily descended the steps for that purpose. Just prior to the happening of the accident out of which this action arose a rock weighing about one hundred pounds fell on the track. Pursuant to the orders of his foreman to hurry down and remove it as a passenger train was "in the block," appellant ran to the steps and started to descend when for some reason he slipped, stumbled or otherwise lost his balance and fell to the ground below, sustaining the injuries of which he complains.

The gravamen of appellant's complaint is that appellee failed to exercise ordinary care to furnish him a reasonably safe place in which to work and negligently ordered him to hurry over an unsafe place. It is a fundamental principle of the law of negligence as between master and servant that in order for the servant to recover damages of the master because of the master's failure to exercise ordinary care to furnish the servant a reasonably safe place in which to do work required of him, the servant must allege and prove not only that the master actually or constructively knew of the danger or defect in the premises but also that he himself had no such knowledge.

Appellant's cause of action is thus set out in his petition:

"Plaintiff states on or about June 15, 1922 (1921), he was duly employed by defendant near Chenowee and while doing the work required of him he was by and through the negligence or carelessness of the defendant, the agents and servants caused to fall over a steep embankment and on some large rocks and was thereby permanently injured in back, nerves, hips, chest, head, which injuries caused, now cause and will reasonably continue to cause him great physical pain and mental anguish and permanently impair his power to labor and earn money and did thereby damage him in the sum of $15,000.00.

"Plaintiff says that in addition to the carelessness and negligence of the defendant as above set out that injuries are due to and contributed to by negligence of the defendant by, that it failed to use ordinary care to furnish him a reasonably safe place to work and in his foreman who was present in negli-

gently ordering him to go, and run, and hasten in, to, and over said place at the time he was injured, and plaintiff says his foreman did negligently command him to hurry and run over a dangerous place and in so doing he was caused to fall over and be injured as aforesaid.''

In an amended petition appellant alleged that both he and the appellee were engaged in interstate commerce at the time of the accident. It is sufficient to say that this allegation was denied, and as no proof whatever was offered upon the subject, it can have no bearing upon the decision of the questions involved upon this appeal. Appellee answered denying the allegations of the petition and pleaded contributory negligence and assumed risk on the part of the appellant. It will be observed that the petition wholly fails to allege either that appellee knew or that he himself did not know of the danger or defect in the premises where he was required to work. The petition, therefore, failed to state a cause of action based upon the failure of the appellee to use ordinary care to furnish appellant reasonably safe premises in which to work. Nor is that defect in the petition cured by the additional allegation charging that appellant was ordered to hurry over such defective premises. It is not negligence *per se* for a master to order a servant to hurry, nor does the master by giving such an order thereby become an insurer of the servant's safety. While in some cases such an order may, to some extent, relieve the servant of the charge of contributory negligence, it can only fasten upon the master responsibility for dangers or defects of which he had actual or constructive knowledge. In other words, even though the servant be free from negligence, the master is not liable unless the accident was the result of some act of negligence on his part. Since in the present case the appellee was not charged with any sort of knowledge of the danger of the premises, it follows that it was not negligent in ordering appellant to hurry or hasten over same and it is therefore not liable to him for the injuries he sustained.

Although not alleged in the petition, appellant sought by his evidence to establish the fact that he received his injuries while acting in an emergency in an effort to save appellee's property and the lives of passengers upon one of its trains. We do not feel it necessary to discuss this phase of the case in view of the fact that the evidence

fails to establish that the supposed emergency was in any wise imminent or even that there was in fact an emergency at all.

The business of railroading is necessarily a hazardous occupation, and one who enters into it assumes all the ordinary risks incident to the work. It is the duty of a section hand to keep the tracks clear and obviously that work must be done promptly and under constantly changing conditions of hazard. The character and changing scene of the work render it utterly impossible for the master to furnish premises wholly safe or entirely free from danger. In the present case the accident happened in broad daylight, and such dangers and defects as existed were open and obvious and admittedly known to appellant, and being an adult of average intelligence he assumed the risks incident to his employment.

The principles here enunciated were thus expressed in the case of Louisville Water Co. v. Darnell, 189 Ky. 771:

"This court has held in a number of cases, following all of the authority upon the subject, that a servant of ordinary and average intelligence is conclusively presumed to know or to take notice of the ordinary and well understood laws of nature and to govern himself accordingly in the performance of his work. Furthermore, a servant will also be charged with knowledge of the existence of that which is before his eyes and which he could not help seeing and appreciating.

"When the facts are simple, plain, easily understood, and undisputed, and they create conditions such as a reasonably prudent man can arrive at but one conclusion, it is the province of the jury to determine whether the servant assumed the risk in the particular case."

L. & N. R. R. Co. v. McIntosh, 183 Ky. 571; Pruitt v. Norfolk & Western R. R. Co., 188 Ky. 204; L. & E. R. R. Co. v. Stacy, 172 Ky. 195. Again in C. N. O. & T. P. Railway Co. v. Perkins' Admr., 193 Ky. 207, this court said:

"All the cases hold that the servant in performing his work must not only exercise ordinary care for his own safety but that he is presumed to be familiar with natural laws, including the law of gravitation. . . . "

Nor does the fact that the servant was acting under an express order of his superior alter the application of the foregoing principles, and this court has repeatedly held in numerous instances, as stated in L. & N. R. R. Co. v. McIntosh, *supra,* that:

"To direct an experienced section hand, who is acquainted with the track, to proceed hurriedly in an emergency, to flag a train at night, when supplied with the customary light to guide his steps, does not seem to be requiring of him any extraordinary risk. Hence, it is concluded, that the cause of appellee's injuries was one of the ordinary risks incident to his employment, and was not caused by the neglect of any duty which his employer owed to him, and having thus proven no cause of action, the peremptory instruction to the jury should have followed the motion for a directed verdict for appellant, upon that ground, as well as the admission by the pleadings that his own negligence caused his injuries." See also C. N. O. & T. P. R. R. Co. v. Delaney, 204 Ky. 295.

For the reasons indicated the lower court properly sustained appellee's motion for a peremptory instruction. Wherefore the judgment is affirmed.